WATSON, Judge.
This litigation was initiated by Penrod Drilling Company, a partnership, filing a petition against Lillie B. Langlinais and her husband, Ursin Langlinais, Jr., demanding the sum of $389.34 as property damage to an automobile owned by Penrod and involved in a collision with an automobile owned by the Langlinais. Driving the Penrod vehicle was one John R. Nash and *369 driving the Langlinais vehicle was Mrs. Langlinais. The accident was alleged to have occurred on July 13, 1973, in Lafayette at the intersection of Evangeline Throughway, a three-lane one-way street, and Mudd Avenue, a four-lane two-way street, when, according to Penrod’s petition, Mrs. Langlinais attempted to make a left turn from the center lane of the three-lane street and was struck by the Penrod vehicle which was proceeding in the same direction but in the left lane of the same street. Mrs. Langlinais and her husband reconvened against Penrod and named John R. Nash as a third-party defendant, claiming property damage on behalf of Mr. Langlinais and damages for personal injuries on behalf of Mrs. Langli-nais.
Following a hearing on the merits, the trial court found that the accident resulted solely from the negligence of Mrs. Langli-nais and gave judgment to Penrod in the amount of $389.34 plus legal interest and costs. The Langlinais’ claims were dismissed. The trial court made factual findings to the effect that the Penrod vehicle was in the left-hand lane of the thoroughfare and Mrs. Langlinais attempted to make a left turn from the center lane. These conclusions were based on the testimony of the witnesses and on the physical facts of the accident.
Mr. and Mrs. Langlinais have appealed from the adverse judgment of the trial court.
The factual conclusions by the trial court are not to be reversed on appeal, absent manifest error.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of . credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Canter v. Koehring Company, 283 So.2d 716, 724 (La., 1973).
Our review of this record indicates that the inferences drawn by the trial court are well-supported, by the evidence.
The judgment is affirmed and costs are taxed against the appellants.
Affirmed.